UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-cv-90-EBA

EDITH SPRADLIN,     PLAINTIFF,

V.     **MEMORANDUM OPINION
AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,     DEFENDANT.

## I. INTRODUCTION

Plaintiff, Edith Spradlin, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying her application for Supplemental Security Income (SSI). [Record No. 11]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. [Record No. 16]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record No. 11] shall be denied, the Defendant's Motion for Summary Judgment [Record No. 12] shall be granted, and Judgment will be entered affirming the Commissioner's final decision.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff filed an application on June 26, 2010 seeking Supplemental Security Income. [Tr. 17]. In this application, the Plaintiff alleged disability since June 8, 2010. Id. In her Disability Report, Form SSA-3368, the Plaintiff claimed her work ability was limited due to her "back, legs,

migraines and glaucoma." [Tr. 145]. Her claim was denied initially [Tr. 65-70], and on reconsideration [Tr. 72-76]. After denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 78-80].

On April 24, 2012, a hearing was held before ALJ Charles Paul Andrus ("ALJ Andrus"). [Tr. 17-28]. The Plaintiff testified at the hearing, and was represented by John W. Kirk. [Tr. 17-28]. The ALJ also heard testimony from vocational expert Gina K. Baldwin. [Tr. 17-28]. ALJ Andrus denied Plaintiff's claim for benefits in a written decision dated June 26, 2012. [Tr. 28]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that she was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 19]. Next, the ALJ found that the Plaintiff has the following severe impairments: chronic lumbar strain, obesity, depression and anxiety. [Tr. 19]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 20].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform light work as defined by the Regulations. [Tr. 22]. Specifically, the ALJ described Plaintiff's exertional and non-exertional limitations as follows:

> The claimant can understand simple instructions; can concentrate on simple work given normal breaks every two hours; can function in object-focused settings requiring little contact with others; and can adapt to routine changes. She can do no frequent over head work. She cannot climb hills or walk on uneven terrain. She cannot climb ladders or work at unprotected heights or [sic] round dangerous machinery. She can occasionally climb stairs, bend, stoop, crouch, squat, kneel, or crawl. She cannot perform work that would subject her body to concentrated jars, jolts, or vibration or work in temperature or humidity extremes. She needs the option to sit or stand at one-half to one-hour intervals.

[Tr. 22].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow her to perform the requirements of her past relevant work. The ALJ determined that the Plaintiff was unable to perform any past relevant work. *See* 20 C.F.R. §§ 404.1565, 416.965. [Tr. 26]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 26]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 26].

Following the ALJ's adverse decision, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council. [Tr. 6-8]. On May 29, 2013, the Council denied Spradlin's request for review. [Tr. 6-8]. On July 11, 2013, Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In her Motion for Summary Judgment, the Plaintiff asserts two grounds for relief: (1) that the ALJ erred when finding that the Plaintiff was not mentally disabled under Listing 12.05; and (2) that the RFC provided by her treating physician was not properly weighed. [Record No. 11-1]. The Commissioner responds that the ALJ's decision should be affirmed, as he

applied the proper standards and supported his decision with substantial evidence. [Record No. 12]. Following briefing, this matter was referred to the undersigned, upon consent of the parties for all proceedings. [Record No. 16].

### III . ANALYSIS

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

**A.    The ALJ did not err in finding that Spradlin was not mentally disabled.**

The Plaintiff claims that the ALJ erred in failing to find that she met the requirements of the listing for Intellectual Disability under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05. [Record No. 11-1].

The full listing reads as follows:

Listing 12.05 Intellectual Disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

A. Mental incapacity evidence by dependence upon others for personal needs (e.g. toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardize measures of intellectual functioning is precluded; OR

4

> B. A valid verbal, performance, or full scale IQ of 59 or less; OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical of other mental impairment imposing additional and significant work-related limitation or function; OR
>
> D. A valid verbal, performance or full scale IQ of 60 through 70, resulting in at least two of the following: 1) Marked restriction of activities of daily living; or 2) Marked difficulties in maintaining social functioning; or 3) Marked difficulties in maintaining concentration, persistence, or pace; or 4) Repeating episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

The Plaintiff argues that her impairments meet subsection C of the Listing due to her I.Q. of 65 along with physical disabilities. [Record No. 11-1]. To buttress this claim, the Plaintiff states that she attended special education classes in the third grade, left school with an eighth grade education and has a limited ability to read and write. [Record No. 11]. While in school in 1978, her full scale I.Q. was determined to be 64. Id. In 2010, her I.Q. was measured at 65 and she was diagnosed as being "mildly mentally retarded." Id.

In denying benefits in this action, the ALJ described why Spradlin did not qualify for benefits under Listing 12.04 (affective disorders) and 12.06 (anxiety related disorders). 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04, 12.06. However, he did not specifically address Listing 12.05 (Intellectual Disability). Although Social Security regulations require the ALJ to find a claimant disabled if she meets a listing, 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Sullivan v. Zebley, 493 U.S. 521, 532 (1990), an ALJ is not required to address every single listing or discuss listings that the applicant clearly does not meet. Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 432 (6th Cir. 2014)(citations omitted). "The ALJ should discuss the relevant listing, however, where the record raises 'a substantial question as to whether [the claimant] could qualify

5

as disabled' under a listing." Id. at 432, citing Abbott v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990). However, "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a substantial question as to whether he has satisfied the listing." Id.; see also Sheeks v. Comm'r of Soc. Sec., 544 F.App'x 639, 641-42 (6th Cir. 2013)(finding claimant did not raise a substantial question as to satisfying the listing for intellectual disability where the ALJ's finding of borderline intellectual functioning simply left open the question of whether he meets a listing and where claimant pointed to only a few pieces of tenuous evidence addressing the listing). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." Smith-Johnson, 579 F. App'x at 432.

The 2000 amendments to Listing 12.05 made it, "pellucid that a claimant would not be found disabled under listing 12.05 unless she met the diagnostic description *and* one of the four set of criteria." Carter v. Comm'r of Soc. Sec., No. 1:10-cv-804, 2012 WL 1028105, at *4 (W.D. Mich. Mar. 26, 2012); See also Foster v.Halter, 279 F.3d 348, 354 (6th Cir. 2001) (It has been clearly established law in the Sixth Circuit for more than a decade that in order to be found disabled under listing 12.05, the claimant must satisfy the diagnostic description and any one of the four sets of criteria.); 65 Fed.Reg. 50, 746 (Aug. 21, 2000); 71 Fed.Reg. 10,419, 10,423 (Mar. 1, 2006).

ALJ Andrus found that the Plaintiff had no problems with personal care, was able to cook and clean for her herself and her family, was able to shop, continue interpersonal relationships with family and friends, was able to drive, needed no reminder to take care of herself, and had no episodes of decompensation. [Tr. 21-22]. She attended church once a month, had no problems getting along with others, and had never been fired or laid off from a job due to problems getting along with others. [TR. 21]. She was able to go out alone, and count change. [TR 21]. Although

her concentration was noted by be mildly impaired, an evaluating physician opined that she would be capable of sustaining persistence and pace and of adapting from a mental health perspective. [TR. 21]. Spradlin has a valid drivers license and reported that she was able to drive. [TR. 21]. Plaintiff also had a good appetite, slept well at night, had occasional headaches, and no problems with hearing or vision. [Tr. 24].

In conclusion, the ALJ found that "claimant does not have an impairment or combination of impairments equal in severity to any listed impairment, as no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." [TR. 22]. The claimant presents insufficient evidence to demonstrate she reasonably could meet or equal every requirement of the listing under 12.05, and has therefore failed to raise a substantial question regarding whether she met the criteria for intellectual disability . Smith-Johnson, 579 Fed. App'x at 432. Therefore, as the ALJ considered her application in light of Listing 12.04 (affective disorders) and 12.06 (anxiety related disorders), the ALJ was not required to address every listing or discuss listings that Spradlin clearly does not meet. Id.

**B. The ALJ gave the proper weight to the Plaintiff's RFC assessment.**

In her motion for summary judgment, the Plaintiff also claims that the ALJ did not properly weigh the RFC provided by her treating physician.[1] [Record No. 11]. Upon review of the record, this claim fails. The Plaintiff has failed to establish a relationship with a treating physician and therefore this Court cannot apply the treating physician rule.

Generally, under the treating physician rule, the ALJ "will" give a treating source's

---

[1] The Plaintiff concedes that the RFC submitted by her treating physician was not considered by ALJ Andrus, as it was submitted after the hearing. [Record No. 11]. However, the Plaintiff urges this Court to consider the assessment upon review because the Appeals Council granted her leave to add it to the record. Id. at 10.

opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2). The Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993). This treating physician rule cannot be applied here because the Plaintiff has failed to establish that such a relationship exists. The portions of the record to which the Plaintiff directs the court do not include the name of a physician, or any information as to the length, frequency, or duration of treatment received by a treating physician. [Record No. 11 at 10]. The unsigned RFC that was filed into the record is nothing more than a boilerplate checklist filled in by an unknown individual. Because the Plaintiff has been unable to meet her burden, no relief may be sought under this claim.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 11] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 22] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed January 16, 2015.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge